UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES GASPARD

(PLAINTIFF)

VERSUS

(DEFENDANTS)

BRIAN A. JACKSON,
JOHN W. deGRAVELLES,
RICHARD L. BOURGEOIS, JR.,
SHELLY D. DICK,
ERIN WILDER-DOOMES,
TIM HOOPER,
DEPUTY WARDEN FOR SECURITY,
K. LETCHER,
LIONDELL MINOR,
WILLIAM ROSSO,
***,
AND OTHER DEFENDANTS INTENDED TO
BE NAMED IN AMENDED COMPLAINT(S)

CASE NUMBER: _____

<u>COMPLAINT</u>[1]

---

[1] This Complaint (Document Number 1) (14 pages) is written in five (5) portions, that is, this Complaint, (1) Caption, (2) Introductory Paragraph; and Jurisdiction, and Venue, (3) Parties, (4) Claims for Relief, and (5) Demands for Relief; and Verification, with a subportion to one of said portions, to facilitate amendment of this Complaint without the necessity and undue burden of having to re-write this Complaint in the entirety of this Complaint each time this Complaint is amended.

1

Charles Gaspard (alternatively, hereinafter: The Plaintiff; or: CHARLES GASPARD, (D.O.C. #579511), and: PLAINTIFF, PRO SE), the plaintiff in the above-captioned matter, in proper person, hereby states:

I. JURISDICTION, AND VENUE.

A. JURISDICTION.

1. The United States District Court for the Middle District of Louisiana (hereinafter: The Court) has jurisdiction over the subject matter of the above-captioned matter under Title 28 (hereinafter: 28), United States Code (hereinafter: U.S.C.), Section (alternatively, hereinafter: §) 1331 (1980)(, and other 28 U.S.C. Sections (hereinafter: §§) that are cited hereinafter).

2. The Court has jurisdiction over the person of The Plaintiff under the Louisiana Code of Civil Procedure Article that provides for such jurisdiction, for the reason that The Plaintiff has instituted the above-captioned matter.

3. The Court may obtain jurisdiction over the person of each of the defendants (collectively, hereinafter: The Defendants) in the above-captioned matter under the Louisiana Code of Civil Procedure Article that provides for such jurisdiction.

B. VENUE.

1. The Middle District of Louisiana is a proper venue for the above-captioned matter under 28 U.S.C. §1391(, Subsection )(b)(, Paragraph )(2) (2002), for the reason that said district is a judicial district in which a substantial part of the events or omissions giving rise to the Claims for Relief that are specified in this Complaint, Section III, infra, occurred.

2. The Middle District of Louisiana is also a proper venue for the above-captioned matter under 28 U.S.C. §1391(, Subsection )(e)(, Paragraph )(3) (2002), for the reason that said district is the judicial district in which The Plaintiff currently resides[2], and no real

---
[2] The Plaintiff is domiciled at the place of his habitual residence in the Eastern District of Louisiana; and currently resides in the Middle District of Louisiana without the intent to make the latter-said location his habitual residence. (See Louisiana Civil Code (hereinafter: La.C.C.), Articles 38 (Rev. 2008), 39 (Rev. 2008), and 44 (Rev. 2008).)

2

property is involved in said matter.

II. PARTIES.

A. THE PLAINTIFF.

1. Charles Gaspard, that is to say: The Plaintiff, is a prisoner, as defined by 28 U.S.C. § 1915A(), Subsection )(c) (1996), at Louisiana State Penitentiary (hereinafter: L.S.P.). As aforesaid in this Complaint, Section I, Subsection B, Paragraph 2, supra, he currently resides in the Middle District of Louisiana.

2. ***

B. THE DEFENDANTS.

1. Brian A. Jackson (hereinafter: Defendant Jackson) is a United States district judge of The Court. Under 28 U.S.C. §1346, Subsection )(b) (1996), he shall reside in the Middle District of Louisiana[3], however, his residence is unknown to The Plaintiff.

2. John W. deGravelles (hereinafter: Defendant deGravelles) is a United States district judge of The Court. Under 28 U.S.C. §1346, Subsection )(b) (1996), he shall reside in the Middle District of Louisiana[4], however, his residence is unknown to The Plaintiff.

3. Richard L. Bourgeois, Jr. (hereinafter: Defendant Bourgeois) is alternatively, a United States magistrate judge of The Court. His residence is unknown to The Plaintiff.

4. Shelly D. Dick (hereinafter: Defendant Dick) is a United States district judge, and the chief judge, of The Court. Under 28 U.S.C. §1346, Subsection )(b)(1996), she shall reside in the Middle District of Louisiana[5], however, her residence is unknown to The Plaintiff.

5. Erin Wilder-Doomes (hereinafter: Defendant Wilder-Doomes) is a United States magistrate judge of The Court. Her residence is unknown to The Plaintiff.

6. Tim Hooper (hereinafter: Defendant Hooper) is the warden of L.S.P.. His residence is unknown to The Plaintiff.

7. Deputy Warden for Security (hereinafter: Defendant Deputy Warden) is or was a corrections officer at L.S.P.. Her or his residence is unknown to The Plaintiff.

8. K. Letcher (hereinafter: Defendant Letcher) was, on the date that is specified in this Complaint, Section III, Subsection C, Paragraph 2, infra, a corrections officer lieutenant, and is now a corrections officer captain, at L.S.P.. His residence is unknown to The Plaintiff.

9. Liondell Minor (hereinafter: Defendant Minor) was, on the date that is specified in this Complaint, Section III, Subsection C, Paragraph 2, infra, a corrections officer master

---

[3] 28 U.S.C. §1346, Subsection )(b) (1996) provides, in pertinent parts:
"Each district judge *** shall reside in the district *** for which he [or she] is appointed."

[4] See this Complaint, Footnote 3, supra.

[5] See this Complaint, Footnote 3, supra.

sergeant, and is now a corrections officer lieutenant, at L.S.P.. His residence is unknown to The Plaintiff.

10. William Rosso (hereinafter: Defendant Rosso) was, on the date that is specified in this Complaint, Section III, Subsection C, Paragraph 2, infra, a corrections officer assistant warden, and is now either a higher-ranking corrections officer assistant warden or a corrections officer deputy warden, at L.S.P.. His residence is unknown to The Plaintiff.

11. *** 6

---

[6] Joinder of each of The Defendants is permissive in the above-captioned matter under Federal Rules of Civil Procedure (hereinafter: F.R.Cv.P.), Rule 20 (1987), for the reasons that there is asserted against them jointly, severally, or in the alternative, a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and a question of law or fact common to all defendants will arise in the action, that is to say: for the reasons that there is asserted against each of The Defendants a right to relief in the form of a declaratory judgment arising out of a series of violations of the civil rights of The Plaintiff by each of The Defendants, and the question of whether each of The Defendants violated the civil rights of The Plaintiff will arise in said matter. There is a community of interest between each of The Defendants, for the reason that each of The Defendants has violated the civil rights of The Plaintiff.

III. CLAIMS FOR RELIEF.[7]

A. AGAINST THE DEFENDANTS (GROUP I).

1. The Plaintiff is entitled under 28 U.S.C. §§ 1331 (1980), 1343(, Subsection )(a)(, Paragraph )(4) (1979), and 2201(, Subsection )(a) (1993), to a declaratory judgment that would terminate the actual controversy or uncertainty as to whether each of the Defendants (Group I), that is to say: each Defendant Jackson, Defendant deGravelles, Defendant Bourgeois, Defendant Dick, and Defendant Wilder-Doomes, jointly or severally violated the civil rights of The Plaintiff, as specified in this Complaint, Section III, Subsection A, Paragraph 2, infra.

2. Each Defendant Jackson, Defendant deGravelles, Defendant Bourgeois, Defendant Dick, and Defendant Wilder-Doomes violated the civil rights of The Plaintiff, by means of their actions in the matters of Charles Gaspard Versus N. Burl Cain, et al., Civil Action, Case Number: 3:2013-cv-00334-BAJ-SCR (Defendant Jackson), Charles Gaspard Versus Alan J. Robert, et al., Civil Action, Case Number: 3:2016-cv-00788-JWD-RLB (Defendant deGravelles, and Defendant Bourgeois), Charles Gaspard and Daveigh Schwallier [sic] Versus The Breakfast Toms, et al., Civil Action, Case Number: 3:2018-cv-00816-SDD-RLB (Defendant Dick, and Defendant Bourgeois), Charles Gaspard Versus Richard L. Bourgeois, Jr., et al. (hereinafter: Gaspard v. Bourgeois, et al.), Civil Action, Case Number: 3:2018-cv-00918-SDD-EWD [8] (Defendant Dick, and Defendant Wilder-Doomes), and Charles Gaspard Versus Unknown First Defendant, et al., Civil Action, Case Number: 3:2019-cv-00478-BAJ-EWD (Defendant Jackson, and Defendant Wilder-Doomes), which actions were not lawful exercises of judicial discretion, but were, instead, criminal conduct committed against The Plaintiff with specific criminal intent, and retaliation against The Plaintiff, for The Plaintiff reporting violations of the civil rights of himself in each of said matters, and in violation

---

[7] As joinder of each of the Defendants is permissible in the above-captioned matter under F.R.Cv.P., Rule 18(, Subdivision )(a) (1987); so, also, is joinder of each Claim for Relief that is asserted in this Complaint, Section III, infra.

[8] The matter of Gaspard v. Bourgeois, et al., was instituted by means of a Criminal Complaint (Form) captioned, in part: United States (of America?) Versus Richard L. Bourgeois, Jr. [, and others] — and illegally docketed by the Clerk of the Court as a civil action.

of Title 42 (hereinafter: 42), U.S.C. § 1997d (????).[9]

B. AGAINST THE DEFENDANTS (GROUP 2).

1. The Plaintiff is entitled under 28 U.S.C. §§ 1331 (1980), 1343(, subsection )(a)(, paragraph ) (4) (1979), and 2201(, subsection )(a)(1993), to a declaratory judgment that would terminate the actual controversy or uncertainty as to whether each of the Defendants (Group 2), that is to say: each Defendant Hooper, and Defendant Deputy Warden-For Security, jointly or severally violated the civil rights of The Plaintiff, as specified in this Complaint, Section III, Subsection B, Paragraph 2, infra.

2. Each Defendant Hooper, and Defendant Deputy Warden-For Security, violated the civil rights of The Plaintiff, by means of, in the case of Defendant Hooper, ignoring (1) a Letter from The Plaintiff dated Sunday, July 17, 2022, and addressed to Defendant Hooper, in which, The Plaintiff gives to Defendant Hooper knowledge of the threat of Defendant Rosso to illegally take The Plaintiff's personal property, and demands that criminal prosecutions be instituted against Defendant Rosso, and (2) a Letter from The Plaintiff dated Tuesday, August 4, 2022, and addressed to Defendant Hooper, in which, The Plaintiff gives to Defendant Hooper knowledge of retaliation against The Plaintiff by Defendant Rosso, and, in the case of Defendant Deputy Warden-For Security, ignoring a Letter from The Plaintiff (also) dated Tuesday, August 4, 2022, and addressed to Defendant Deputy Warden-For Security, in which, The Plaintiff gives to Defendant Deputy Warden-For Security knowledge of the threat of Defendant Rosso to illegally take The Plaintiff's personal property (legal materials), and demands that criminal prosecutions be instituted against Defendant Rosso, each Defendant Hooper, and Defendant Deputy Warden-For Security, thereby failing to prevent or to aid in preventing wrongs mentioned in 42 U.S.C. § 1985 (each (2), and (3) 1871) which each had knowledge were about to occur and power to prevent, and which occurred on November 23, 2022, as specified in this Complaint, Section III, Subsection C, Paragraph 2, infra. Said failures, each being retaliation against

---

[9] The Plaintiff is unaware of any Federal administrative remedy that must be exhausted before seeking declaratory relief such as is specified in this Complaint, Section III, Subsection A, Paragraph 1, supra.

The Plaintiff for The Plaintiff reporting violations of the civil rights of himself in said Letters, in violation of 42 U.S.C. § 1997d (????).[10]

3. The Plaintiff is entitled under 28 U.S.C. § 1343, Subsection )(a)(, Paragraph )(2)(1979) to recover punitive damages from each Defendant Hooper, and Defendant Deputy Warden for Security, for the failure of each of said to prevent or to aid in preventing wrongs mentioned in each (2) and (3) 1871 42 U.S.C. § 1985 ( ) which each had knowledge were about to occur and power to prevent, for the action(s), that is to say: the inaction, of each that is specified in this Complaint, Section III, Subsection B, Paragraph 2, supra. Each Defendant Hooper, and Defendant Deputy Warden for Security, failing to prevent or to aid in preventing the act of Defendant Rosse that is specified in this Complaint, Section III, Subsection C, Paragraph 2, infra.[11]

4. The Plaintiff is entitled under 28 U.S.C. § 1343, Subsection )(a)(, Paragraph )(3)(1979), and F.R.Cv.P., Rule 65 (2001), to a permanent injunction that enjoins Defendant Hooper, that is to say: the warden of L.S.P.(, and each and every other member of the staff of L.S.P.,) from illegally withholding from The Plaintiff any and all of The Plaintiff's personal property that is specified in this Complaint, Section III, Subsection C, Paragraph 2, supra, and that was not illegally thrown away, and/or from again illegally taking, throwing away, and/or withholding from The Plaintiff any or all of his personal property, to redress the deprivation, under color of State law, statute, ordinance, regulation, custom, or usage, of rights, privileges or immunities secured by the Constitution of the United States or by any Act of Congress

---

[10] To the best of the knowledge, information, and belief of The Plaintiff, there is no requirement that state administrative remedies must be exhausted before declaratory relief is sought.

[11] The Plaintiff is unsure whether his state administrative remedies were exhausted in connection with the Claim for Relief that is specified in this Complaint, Section III, Subsection B, Paragraph 3, supra, for the reason that is stated in this Complaint, Section III, Subsection C, Paragraph 2, infra. The Plaintiff has a record of mailing a Letter (A.R.P.) to Defendant Hooper on Wednesday, March 9, 2022 — but no record of the subject matter of said Letter (A.R.P.), and/or of any Case Number given to said Letter (A.R.P.). However — in the event that such administrative remedies were not exhausted by means of said Letter (A.R.P.) — after the two (2) Letters addressed to Defendant Hooper that are specified in this Complaint, Section III, Subsection B, Paragraph 2, supra, were ignored by Defendant Hooper; any subsequent Letter (A.R.P.) (also) addressed to Defendant Hooper would most likely have also been ignored (— as (the former—) said Letter (A.R.P.) (mailed before each of said Letters) may have (also) been ignored, that is to say: may have never been accepted or rejected, and given a Case Number).

providing for equal rights of citizens or of all persons within the jurisdiction of the United States.[12],[13]

C. AGAINST THE DEFENDANTS (GROUP 3).

1. The Plaintiff is entitled under 28 U.S.C. §§ 1331 (1980), 1343(, Subsection )(a)(, Paragraph )(4) (1979), and 2201(, Subsection )(a) (1993), to a declaratory judgment that would terminate the actual controversy or uncertainty as to whether each of The Defendants (Group 3), that is to say: each Defendant Letcher, Defendant Minor, and Defendant Rosso, jointly or severally violated the civil rights of The Plaintiff, as specified in this Complaint, Section III, Subsection C, Paragraph 2, infra.

2. Each Defendant Letcher, Defendant Minor, and Defendant Rosso, violated the civil rights of The Plaintiff, by means of Defendant Letcher, on November 23, 2022[14], causing Defendant Minor to illegally attempt to take the majority of The Plaintiff's personal property, mostly legal materials, from The Plaintiff, which act of Defendant Letcher, after Defendant Minor in his attempt failed to take said personal property, caused Defendant Minor to cause Defendant Letcher to inform Defendant Rosso of the fact that Defendant Letcher and Defendant Minor failed to take said personal property, which act of Defendant Letcher caused Defendant Rosso to allow Defendant Letcher to cause Defendant Minor to illegally take the majority of, and illegally throw away some or all of said majority of, said personal property.

3. The Plaintiff is entitled under 28 U.S.C. § 1343(, Subsection )(a)(, Paragraph(s) )(1), and/ or (4) (1979), to recover actual ~~compensatory~~ damages, from each Defendant Letcher,

---

[12] To the best of the knowledge, information, and belief of The Plaintiff, there is no requirement that state administrative remedies must be exhausted before injunctive relief is sought.

[13] For the record of the above-captioned matter: The Plaintiff intends to file in said matter a consolidated Motion for a Temporary Restraining Order, and for a Preliminary Injunction, as soon as possible.

[14] In the event that (The Court, and/or ) any or all of The Defendants(,) would like to illegally prevent this Complaint from being filed before or on November 23, 2023, and/or illegally deny or dismiss this Complaint on the ground that the Claims for Relief that are stated in this Complaint, Section III, Subsection B, Paragraph 3, supra, and Subsection C, Paragraph 3, infra, have prescribed: La. C.C., Article 3493.10 (1999) provides:

Defendant Minor, and Defendant Rosso, for any and all of The Plaintiff's personal property that was illegally thrown away, and punitive damages, from each of said, for their acts causing damages to The Plaintiff that are specified in this Complaint, Section III, Subsection C, Paragraph 2, supra, for injury to his personal property, and because of the deprivation of rights and privileges of a citizen of the United States, by said acts done in furtherance of a conspiracy mentioned in each 42 U.S.C. §1985 ((2) and (3) 1871), and/or under the Act of Congress (42 U.S.C. § 1982 1866) providing for the protection of civil rights, that is, the Property rights of citizens of the United States. [15]

### D. AGAINST THE DEFENDANTS (GROUP 4).

1. The Plaintiff is entitled under 28 U.S.C. §§ 1331 (1980), 1343(, Subsection )(a)(, Paragraph )(4) (1979), and 2201(, Subsection )(a) (1993), to a declaratory judgment that would terminate the actual controversy or uncertainty as to whether each of The Defendants

"Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained." —

and the delictual actions, that is to say: Claims for Relief, that are stated in this Complaint, Section III, Subsection B, Paragraph 3, supra, and Subsection C, Paragraph 3, infra, arise due to damages sustained as a result of two (2) crimes of violence, that is, Aggravated Kidnapping, in violation of Louisiana Revised Statutes (hereinafter: La. R.S.), Title 14 (hereinafter: 14), Section (alternatively, hereinafter: :) 44(a) (1980), and Aggravated Burglary, in violation of La. R.S. 14: 60, Subsection A(3) (2014), committed against The Plaintiff by Defendant Minor, in Criminal Conspiracy with Defendant Letcher, and Defendant Rosso, (in violation of La. R.S. 14: 26, Subsections A, B, and C or D (1977),) and Conspiracy Against Rights of The Plaintiff, (in violation of Title 18, U.S.C. § 241 (????),) when Defendant Minor committed a battery upon The Plaintiff by putting handcuffs on The Plaintiff in the unauthorized entering of the cell of The Plaintiff, that is to say: of an inhabited dwelling, with the intent to commit a theft therein, and persuaded The Plaintiff to go from said cell to the shower for the tier on which The Plaintiff is housed, and locked The Plaintiff in said shower, with the intent thereby to force The Plaintiff to give up the majority of The Plaintiff's personal property in order to secure the release of The Plaintiff from said shower, and then committed another battery upon The Plaintiff by taking said handcuffs off of The Plaintiff while leaving said cell.

---

[15] The Plaintiff exhausted his State administrative remedies in connection with the Claim for Relief that is specified in this Complaint, Section III, Subsection C, Paragraph 3, supra, and such administrative remedies in connection with the Claim for Relief that is specified in this Complaint, Section III, Subsection D, Paragraph 3, infra, by means of his A.R.P. in the matter of A.R.P., Case Number: LSP-2022-2209, which was illegally rejected for the false reason that said A.R.P. contained multiple complaints. The Louisiana Code of Civil Procedure Article that provides for cumulation of (causes of) actions, that is to say, in federal terminology: for joinder of claims (for relief), providing that multiple causes of action may be joined in a single petition, that is to say, in federal terminology: in a single complaint, and controlling over conflicting D.O.C. policy that illegally prevents multiple complaints from being made in a single A.R.P..

(Group 4), that is to say; each ***[16], jointly or severely violated the civil rights of The Plaintiff, as specified in this Complaint, Section III, Subsection D, Paragraph 2, infra.

2. Each of The Defendants (Group 4) violated the civil rights of The Plaintiff, by means of intentionally failing to do anything about the acts of Defendant Letcher, Defendant Miner, and Defendant Rosso, that are specified in this Complaint, Section III, Subsection C, Paragraph 2, supra, and/or intentionally failing to either return to The Plaintiff The Plaintiff's personal property that is specified at id. or to inform The Plaintiff of the fact that all of said personal property was illegally thrown away, if, in fact, said personal property has been.

3. The Plaintiff is entitled under 28 U.S.C. §1343(, subsection )(a)(, Paragraph(s) )(1), and/or (4) (1979), to recover actual damages, and punitive damages, from each ***[17], for their acts causing damages to The Plaintiff, for injury to his person or property, and because of the deprivation of rights and privileges of a citizen of the United States, by said acts done in furtherance of a conspiracy mentioned in each 42 U.S.C. §1985 (2), and (3) (1871), and/or under the Act of Congress (42 U.S.C. §1982 (1866)) providing for the protection of civil rights, that is, the property rights of citizens of the United States.

E. AGAINST THE DEFENDANTS (GROUP 5).

1. The Plaintiff is entitled under 28 U.S.C. §§ 1331 (1980), 1343(, subsection )(a)(, Paragraph ) (4) (1979), and 2201(, Subsection )(a) (1993), to a declaratory judgment that would terminate the actual controversy or uncertainty as to whether each of The Defendants (Group 5), that is to say; each ***

---

[16] The Plaintiff intends to name each of The Defendants (Group 4) — which defendants are numerous — in an Amended Complaint; and specify ~~~ the actions of each of each of The Defendants (Group 4) in a Declaration of Charles Gaspard that is intended to be attached to and ~~~ made part of said Amended Complaint.

[17] See, now, this Complaint, Footnote 16, supra.

IV. DEMANDS FOR RELIEF.

Therefore, The Plaintiff hereby demands:

1: In observance of F.R.Cv.P., Rule 38(, Subdivision )(b) (1993), a trial by jury of each and every issue in the above-captioned matter that is triable of right by a jury;

2: In observance of F.R.Cv.P., Rule 39(, Subdivision )(c) (1937), and upon this informal motion, a trial by The Court with an advisory jury or a trial by consent of each and every issue in said matter that is not triable of right by a jury;

3: The declaratory judgment that is specified in this Complaint, Section III, Subsection A, Paragraph 1, supra;

4: The declaratory judgment that is specified in this Complaint, Section III, Subsection B, Paragraph 1, supra;

5: The punitive damages that are specified in this Complaint, Section III, Subsection B, Paragraph 3, supra;

6: The permanent injunction that is specified in this Complaint, Section III, Subsection B, Paragraph 4, supra;

7: The declaratory judgment that is specified in this Complaint, Section III, Subsection C, Paragraph 1, supra;

8: The actual damages, and punitive damages, that are specified in this Complaint, Section III, Subsection C, Paragraph 3, supra;

9: The declaratory judgment that is specified in this Complaint, Section III, Subsection D, Paragraph 1, supra;

10: The actual damages, and punitive damages, that are specified in this Complaint, Section III, Subsection D, Paragraph 3, supra;

11: The declaratory judgment that is ***;

***

***: Judgment against The Defendants for all costs of said matter; and

***: Any and all general and equitable relief to which The Plaintiff may be entitled.

SUBMITTED ON/BY:

DATE: November 21, 2023

*Charles Gaspard*
CHARLES GASPARD
(D.O.C. #579511)
PLAINTIFF, PRO SE
TRANSITIONAL UNIT, UPPER G-TIER, CELL 12
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

## VERIFICATION

In observance of 28 U.S.C. § 1746(2) (1976):

I verify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON/BY:

DATE: November 21, 2023

*Charles Gaspard*
CHARLES GASPARD
(D.O.C. #579511)
PLAINTIFF, PRO SE
TRANSITIONAL UNIT, UPPER C-TIER, CELL 12
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

14

Charles Gaspard (D.O.C. #579511)
Transitional Unit, Upper C-Tier, Cell 12
Louisiana State Penitentiary
Angola, Louisiana 70712

Wednesday, November 22, 2023

Clerk of Court
Office of the Clerk
United States District Court
Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, Louisiana 70801-1712

Re: Electronic filings in new Civil Action.

Clerk of Court:

Please number, file, and docket the (1) Complaint (14 pages) that is attached to, and number the (2) Civil Cover Sheet (2 pages) that is also attached to, this (3) Letter (1 page), and file each said Civil Cover Sheet, and this Letter, as an Attachment to said Complaint.

And: please send to myself (1) a copy of the Motion to Proceed In Forma Pauperis Form used by the court, (2) seven copies of the Waiver of Service of Summons Form used by the court, and (3) two copies of the Civil Cover Sheet used by the court.

Thank you.

Sincerely,

Charles Gaspard
Charles Gaspard

Attachments

SCANNED at LSP and Emailed
12/15/23 by OB, 17 pages

RECEIVED
DEC 15 2023
Legal Programs Department

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Gaspard

### DEFENDANTS
Brian A. Jackson, et al.

**(b)** Parish of Residence of First Listed Plaintiff: West Feliciana
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Parish of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [x] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201
Brief description of cause:
Declaratory Judgments

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ Permanent Injunction
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: November 21, 2023
SIGNATURE OF ATTORNEY OF RECORD: Charles Gaspard

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.